## HIGHT ET UX. *v.* LANGDON.

JURY. — *Discharge of Regular Panel.* — *Interest of Officers Selecting Jury.*— Where the circuit court, after the first day of the term, has discharged the regular jury and caused another jury to be summoned, on the ground that one of the officers who participated in the selection of such regular panel is interested in a suit pending in said court, a party to another suit may object to going to trial before such newly-summoned jury and demand that his cause be tried by said original jury, so discharged on motion of an attorney not connected with said other suit.

From the Monroe Circuit Court.

*Buskirk & Duncan,* for appellants.

*McNutt & Hunter,* for appellee.

PETTIT, J.—This suit was brought by the appellee, Samuel P. Langdon, against the appellants, Wallace Hight and Emily Hight, his wife, on a note given by Wallace Hight, and to foreclose a mortgage on real estate given by both the appellants to secure the payment of the note.

Proper issues were formed, trial by jury, verdict, judgment and decree of foreclosure rendered. It is proper to say that the proceedings were had in 1874, that the action of

VOL. LIII.—6

Hight *et ux. v.* Langdon.

the court below may be understood to be governed and controlled by the law then in force. A regular jury had been drawn, summoned and brought into court; and, on the 6th day of the term, the prosecuting attorney, but in no way connected with this case, moved the court to quash and set aside the regular panel of the jury, because the clerk of the court, one of the officers whose duty it was to select and draw the jury, had a suit pending in the court at the time of drawing the jury. This motion the court sustained, and ordered a new jury summoned, which was done.

On the fifteenth day of the term, this case was called for trial, and the defendants, appellants, asked and demanded that the case should be tried by the original and regular jury, and objected to being tried by the new jury. This demand and objection was overruled, and the legality of this ruling is properly before us.

The law authorizes the court, on the first day of the term, to set aside a jury, where one of the officers who acts in its drawing has a suit pending in the court at the time, on proof thereof. 2 G. & H. 30, sec. 1.

This motion, proof and order to set aside the original jury, not having been made on the first day of the term, we hold was too late, and that the appellants were not bound to go to trial before the newly summoned jury. Without this provision, the court would have no right to set aside the jury and call another for this cause; and we think, therefore, it must and can only be done within the time prescribed by the law.

The judgment is reversed, at the costs of the appellee, with instruction to grant the appellants a new trial.

BUSKIRK, J., was absent.